Samuel J. Kaufman
Va. State Bar No.: 48442
15521 Midlothian Turnpike
Suite 300
Midlothian, VA 23113
(804) 594-1911
Email Address:  skaufman@owenowens.com
*-Counsel for Foundation Capital Resources, Inc.-*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| RIVER OF LIFE CHRISTIAN CHURCH, INC. | ) Case No. 11-51943-SCS |
|  | ) |
| Debtor. | ) |
|  | ) |

FOUNDATION CAPITAL RESOURCES, INC.,

Movant,

v.

RIVER OF LIFE CHRISTIAN CHURCH, INC.,

Respondent.

**NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Foundation Capital Resources, Inc., a creditor in this case, has filed papers with the Court to obtain relief from the automatic stay of the Bankruptcy Code with regard to certain properties more particularly described in those papers which are attached.

**YOUR RIGHTS MAY BE AFFECTED**.  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one).**

If you do not wish the Court to grant this creditor the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before fourteen (14) days from the date of service of this Notice, you or your attorney must:

1. File with the Court, at the address show below, a written response pursuant to Local Bankruptcy Rules 4001(a)-1(c) and 9103-1(H).  If you mail your

response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

William C. Redden
Clerk of the Court
United States Bankruptcy Court
600 Granby Street, Room 400
Norfolk, VA 23510

2.   You must also mail a copy to:

Samuel J. Kaufman
Owen & Owens PLC
15521 Midlothian Turnpike, Suite 300
Midlothian, VA 23113

3.   Attend the preliminary hearing to be scheduled regarding the Motion for Relief from Automatic Stay. You will receive from the Court separate notice setting forth the date, time, and location of the preliminary hearing.

**If no timely response has been filed opposing the relief requested, the Court may grant the relief requested in the Motion for Relief from Automatic Stay**.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion for Relief from Automatic Stay and may enter an Order granting that relief.

Date:  October 11, 2013            **FOUNDATION CAPITAL RESOURCES, INC.**

By: /s/ Samuel J. Kaufman_____
Samuel J. Kaufman
Va. State Bar No.: 48442
15521 Midlothian Turnpike
Suite 300
Midlothian, VA 23113
(804) 594-1911
Email: skaufman@owenowens.com
*-Counsel for Foundation Capital Resources, Inc.-*

Samuel J. Kaufman
Va. State Bar No.: 48442
15521 Midlothian Turnpike
Suite 300
Midlothian, VA 23113
(804) 594-1911
Email Address:  skaufman@owenowens.com
*-Counsel for Foundation Capital Resources, Inc.-*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| RIVER OF LIFE CHRISTIAN CHURCH, INC. | ) Case No. 11-51943-SCS |
| | ) |
| Debtor. | ) |
| | ) |

FOUNDATION CAPITAL RESOURCES, INC.,

Movant,

v.

RIVER OF LIFE CHRISTIAN CHURCH, INC.,

Respondent.

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Comes Now Foundation Capital Resources, Inc. ("FCR") by counsel, and moves this Court for relief from the automatic stay provisions of 11 U.S.C. § 362 on grounds as more fully set forth below:

**I. Jurisdiction**

1.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This application for relief form the automatic stay provisions of 11 U.S.C. § 362 is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)G).

## II. Factual and Procedural Background

3. On November 1, 2012 ("Petition Date"), the debtor, River of Life Christian Church, Inc. (the "Church" or "Debtor"), filed a Chapter 11 Petition in Bankruptcy with this Court.

4. FCR is the beneficiary under that Certain Deed of Trust, Assignment of Leases and Rents, and Security Agreement dated March 30, 2006 from River of Life Christian Church, Inc. to Thomas A. Burcher, Trustee, for the benefit of FCR securing payment by way of a lien upon, on certain parcels of real property as more particularly described below in the original principal amount of Two Million Seven Hundred Thousand and 00/100 Dollars ($2,700,000,00), said document being recorded, in the Clerk's Office of the Circuit Court of York County, Virginia, on March 31, 2006 as Instrument No. 060007291 and in the Clerk's Office of the Circuit court for the City of Hampton, Virginia, on March 31, 2006 as Instrument No. 060008240, as well as in the Clerk's Office of the Circuit Court for the Coty of Newport News (a copy of the "Deed of Trust" attached hereto as **Exhibit A**).

5. As of the Petition Date, the following real property owned by the Debtor and located in York County, Virginia, and the City of Hampton, Virginia was encumbered by the Deed of Trust:

a. **The "York County Property"**: Certain real property identified as **115 Runey Way, Yorktown, Virginia 23693, located in York County, Virginia, GPIN No. S03a-2099-2875**, and more particularly described as:

All that certain lot, piece or parcel of land situate, lying and being in the County of York, Virginia, known and designated as Lot Numbered TWENTY THREE (23), as shown on that certain plat entitled, "PLAT OF SUBDIVISION THE VILLAGES OF KILN CREEK, OAKWOOD, SINGLE FAMILY AREA 10, COUNTY OF YORK, VIRGINIA", dated January 31, 1993, made by Sledd, Runey & Associates, P.C., and recorded in the Clerk's Office of the Circuit Court for the County of York, Virginia, in Plat Book 12, pages 83 through 85, to which reference is here made.

Together with all and singular, the buildings and improvements thereon, rights and privileges, hereditaments and tenements thereunto belonging or in anywise appertaining, and any easements or rights of way for the use thereof.

and

b. **The "Hampton Property"**: Certain real property identified as **667 and 629 Hannah Street, Hampton, Virginia 23661, located in the City of Hampton, Virginia, GPIN Nos. 1002532, 1002533, 1002534, 1002542, 1002543, 1002544, 1002545, 1002546, 1002547, 1002683 1002708, and 1002709**, and more particularly described as: [description on next page]

Parcel 1:

All those certain lots, piece or parcels of land, situate, lying and being in the City of Hampton, Virginia, known and designated as Lots NINE (9), TEN (10), ELEVEN (11), TWELVE (12), THIRTEEN (13), FOURTEEN (14), FIFTEEN (15), and SIXTEEN (16), in Block 11, as shown on a certain map or plat entitled, 'A PLAT OF GAINESVILLE", THE PROPERTY OF MRS. C.M. BICKFORD,' made by E. A. Semple, C.E., dated August 8, 1895, a copy of which said plat was recorded August 9, 1895, in the Clerk's Office of the Circuit Court for the City of Hampton, Virginia, in Deed Book 26, page 112, to which reference is here made.

Parcel 2:

All those certain lots, pieces or parcels of land, situate, lying and being in the City of Hampton, Virginia, known and designated as Lots FOUR (4), FIVE (5), SIX (6), SEVEN (7) and EIGHT (8), in Block 10, as shown on a certain map or plat entitled, 'A PLAT OF "GAINESVILLE", THE PROPERTY OF MRS. C.M. BICKFORD,' made by E. A. Semple, C.E., dated August 8, 1895, a copy of which said plat was recorded August 9, 1895 in the Clerk's Office of the Circuit Court for the City of Hampton, Virginia in Deed Book 26, page 112, to which reference is here made.

Parcel 3:

All that certain lot, piece or parcel of land, situate, lying and being in the City of Hampton, Virginia, known and designated as Lot ONE (1) in Block 10, as shown on a certain map or plat entitled, "MAP OF THE LAND OF THE HAMPTON ROADS INVESTMENT COMPANY," a copy of which is recorded in the Clerk's Office of the Circuit Court for the City of Hampton, Virginia, in Deed Book 37, at pages 26-29.

Parcel 4:

All those certain lots, pieces or parcels of land, situate, lying and being in the City of Hampton, Virginia, known and designated as Lots FORTY ONE (41), FORTY-TWO (42), and FORTY-THREE (43), in Block 10, a shown on a certain map or plat entitled, "MAP OF THE LAND OF THE HAMPTON ROADS INVESTMENT COMPANY," a copy of which is recorded in the Clerk's Office of the Circuit Court for the City of Hampton, Virginia in Deed Book 37, at pages 26-29.

6. The Church was first organized in 1900 as First Baptist Church Riverview. In October 2002, the Church changed its name to River of Life Christian Church. River of Life Christian Church, Inc. was formally incorporated with the Virginia State Corporation Commission on October 14, 2005.

7. In conjunction with its loan from FCR in 2006, it was the intent of River of Life Christian Church (an unincorporated entity), by and through its trustees, to transfer the York County Property and the Hampton Property (collectively, the "Properties") to River of Life Christian Church, Inc., its successor church entity.

8. The York County Property was transferred to Debtor by way of that certain Deed from Edward P. Henderson and James D. McCall, Successor Trustees of Riverview Baptist Church, to River of Life Christian Church, Inc. dated March 24, 2006, and recorded in the Clerk's Office of the Circuit Court of York County, Virginia on March 31, 2006 as Instrument No. 060007290 (a copy of the "2006 York County Deed" attached hereto as **Exhibit B**).

9. The Hampton Property was transferred to Debtor by way of that certain Deed from Edward P. Henderson and James D. McCall, Successor Trustees of Riverview Baptist Church, to River of Life Christian Church, Inc. dated March 24, 2006, and recorded in the Clerk's Office of the Circuit Court of York County, Virginia on March 31, 2006 as Instrument No. 060008239 (a copy of the "2006 Hampton Deed" attached hereto as **Exhibit C**).

10. Despite the intentions of the parties otherwise, the trustees identified in the 2006 Deed and certain trustees in the deeds preceding the 2006 York County Deed and the 2006 Hampton Deed, were not properly appointed by the appropriate state courts pursuant to Virginia Code § 57-8.

11. Accordingly, FCR seeks relief from the automatic stay of 11 U.S.C. § 362 to file state court actions in York County and the City of Hampton solely to request the state courts confirm and appoint trustees in favor of the predecessor unincorporated church entities pursuant to Virginia Code § 57-8.

12. The proposed Complaint (without exhibits) to be filed in the York County Circuit Court setting forth in detail the facts pertaining to the 2006 York County Deed is attached hereto as **Exhibit D**.

13. The proposed Complaint (without exhibits) to be filed in the City of Hampton Circuit Court setting forth in detail the facts pertaining to the 2006 Hampton Deed is attached hereto as **Exhibit E**.

14. Only the state courts has jurisdiction to appoint the necessary trustees.

15. It is anticipated that issues pertaining to the extent and priority of FCR's lien on the Properties will be resolved amicably through a Chapter 11 plan. In the alternative, it is anticipated that should FCR and ROL not resolve issues relating to the extent and priority of the FCR lien on the Properties through a Chapter 11 plan, FCR will file an adversary proceeding in the bankruptcy court to establish the extent and priority of its liens under the Deed of Trust. Accordingly, FCR does not now request such relief but specifically reserves the right to request such relief by subsequent proceedings in this Court or in the appropriate state court should the automatic stay not prevent such an action.

### III. Legal Analysis

16. Since the United States Bankruptcy Code does not explicitly define what constitutes "cause" for relief from stay under 11 U.S.C. § 362(d)(1), the courts must determine when such discretionary relief is appropriate on a case-by-case basis. *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992).

17. A determination of "cause" for relief from stay under 11 U.S.C. § 362(d)(1) requires the courts to "balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Id.*

18. Here, all parties to this proceeding, including Debtor, FCR, as well as the other creditors should be desirous of court orders quieting title in favor of Debtor and confirming Debtor's title ownership to the York County Property and the Hampton Property.

19. It is necessary for the actions set forth in the attached **Exhibits D and E** to be prosecuted in the appropriate state courts because Virginia Code § 57-8 dictates that the appointment of trustees for an unincorporated church association must be done by the Circuit Court sitting in the jurisdiction where the property is located.

20. Accordingly, relief from the automatic stay is necessary to allow FCR to bring the state court actions to have the appropriate trustees appointed and to quiet title.

21. The state court actions do not seek adjudication of any issues regarding FCR's liens on the subject properties.

22. It is anticipated that FCR will bring an adversary proceeding requesting this Court to ascertain the extent and priority of FCR's liens as the subject properties if the parties are unable to otherwise resolve any issues pertaining to said liens following adjudication of the matters set forth in **Exhibits D and E**.

23. The Debtor does not object to the relief sought herein and it is expected that the Debtor will subsequently endorse consent orders with respect to the state court matters.

WHEREFORE, FCR requests the entry of an order granting FCR relief from the automatic stay provisions of 11 U.S.C. § 362, thus allowing FCR to file the Complaints attached hereto in **Exhibits D and E**, or Complaints substantially similar thereto, to seek orders from the Circuit Court for the City of Hampton, Virginia and the Circuit Court of

the County of York, Virginia appointing trustees in favor of the predecessor church entities to Debtor, and that this Court grant such other and further relief as it deems necessary and proper. In addition, FCR requests that this Court waive the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

                                            Respectfully Submitted,

                                            FOUNDATION CAPITAL RESOURCES, INC.

Dated: October 11, 2013

                                            By__/s/ Samuel J. Kaufman____
                                             Samuel J. Kaufman, as Counsel for Foundation Capital Resources, Inc.

Samuel J. Kaufman
Owen & Owens PLC
Va. State Bar No.: 48442
15521 Midlothian Turnpike
Suite 300
Midlothian, VA 23113
(804) 594-1911
Email Address: skaufman@owenowens.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT copies of the foregoing Motion, Notice, and Exhibits, have this **11th day of October, 2013**, been sent electronically to all parties registered to receive notifications via the CM/ECF system; and/or mailed first class postage prepaid on the **15th day of October, 2013** to all creditors and parties in interest on the mailing list below:

By /s/ Samuel J. Kaufman
Samuel J. Kaufman, as Counsel for Foundation Capital Resources, Inc.
Owen & Owens PLC
Va. State Bar No.: 48442
15521 Midlothian Turnpike
Suite 300
Midlothian, VA 23113
(804) 594-1911
Email Address: skaufman@owenowens.com

Ann B. Brogan, Esquire
Crowley, Liberatore, Ryan & Brogan P. C.
Town Point Center, Suite 300
150 Boush Street
Norfolk, VA 23510
*-Counsel for River of Life Christian Church, Inc.-*

Paul K. Campsen, Esquire
Kaufman & Canoles, P.C.
150 W. Main Street, Suite 1900
P. O. Box 3037
Norfolk, VA 23510

Reginald Lee
115 Runey Way
Yorktown, VA 23693
*-Debtor Designee-*

River of Life Christian Church, Inc.
PO Box 14218
Newport News, VA 23608
*-Debtor-*

Judy A. Robbins
Office of the U.S. Trustee, Region 4 -NN
200 Granby Street, Room 625
Norfolk, VA 23510

**Brown Building Corporation**
4857 Dolton Drive
Virginia Beach, VA 23462-4408

**City of Newport News**
Office of the Treasurer
P. O. Box 975
Newport News, VA 23607-0000

**City of Newport News**
Office of the City Attorney
2400 Washington Ave.
Newport News, VA 23607

**Comfort Technology**
2810 Build America Drive
Hampton, VA 23666

**David W. Lanetti, Esq.**
Vandeventer Black, LLP
101 W. Main Street
500 World Trade Center
Norfolk, VA 23510-0000

**Dominion Virginia Power**
PO Box 26453
Richmond, VA 23290-0001

**Edward Henderson**
9 Balmoral Drive
Hampton, VA 23669

**Harvey Lindsay Commercial**
Real Estate, Agent
999 Waterside Drive, Ste 1400
Norfolk, VA 23510

**HSBC Business Solutions**
P. O. Box 5259
Carol Stream, IL 60197-5239

**IFC Credit Corporation**
1310 Madrid Street
Suite 103

Marshall, MN 56258-0000

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101-7346

**Irving B. Goldstein**
741 J. Clyde Morris Blvd.
Suite A
Newport News, VA 23601-0000

**Jack's Carpet**
11838 Canon Blvd, Ste 300
Newport News, VA 23606

**Jack's of Virginia, Inc.**
t/a Jacks Tile & Carpet
Schempf & Ware, PLLC
4000 George Washington Memorial Hwy
Yorktown, VA 23692

**Michael B. Ware, Esq.**
Jones, Blechman, Woltz & Kelly
4000 Geo. Washington Mem. Hwy.
Yorktown, VA 23692

**Pioneer Capital/IFC Credit Corp**
1310 Madrid Street, Ste 103
Marshall, MN 56258

**Structural Mechanical, Inc.**
2500 Engagement Court #101
Virginia Beach, VA 23453-0000

**SunTrust Bank Credit Card**
P. O. Box 791250
Baltimore, MD 21279-1256

**United Family Worship Center**
c/o Lewis Stokes
667 Hannah Street
Hampton, VA 23661

**US Bancorp Equipment Finance, Inc.**
1310 Madrid St.
Marshall, MN 56258

**Verizon**
PO Box 660720
Dallas, TX 75266-0720

**Virginia Natural Gas**
PO Box 70840
Charlotte, NC 28272-0840

**Virginia Natural Gas**
PO Box 70840
Charlotte, NC 28272-0840

**Xerox Corporation**
Attn: Vanessa Adams
1301 Ridgeview Drive-450
Lewisville, TX 75057

**Xerox Corporation**
88188 Expedite Way
Chicago, IL 60695-0000