VIRGINIA:

IN THE CIRCUIT COURT FOR THE COUNTY OF YORK

**FOUNDATION CAPITAL
RESOURCES, INC.,**

                    Plaintiff,

                                                    **Case No.:** _____

v.

**RIVER OF LIFE CHRISTIAN
CHURCH, INC.,**
          Serve:  Reginald R. Lee, Registered Agent
                    13799 Warwick Boulevard
                    Newport News, Virginia 23602
                    (City of Newport News, VA)

                    Defendant.

## COMPLAINT

COMES NOW, Foundation Capital Resources, Inc., by and through undersigned counsel,

and states as follows in support of its Complaint:

## Nature of Action

1.      This is an action to cause trustees of the predecessor church entity and/or entities

of River of Life Christian Church, Inc. ("ROL") to be appointed pursuant to Virginia Code § 57-

8 for the purposes of quieting title to a certain parcel of real property identified as **115 Runey**

**Way, Yorktown, Virginia 23693, located in York County, Virginia, GPIN No. S03a-2099-**

**2875**, and more particularly described as:

All that certain lot, piece or parcel of land situate, lying and being in the County of York, Virginia, known and designated as Lot Numbered TWENTY THREE (23), as shown on that certain plat entitled, "PLAT OF SUBDIVISION THE VILLAGES OF KILN CREEK, OAKWOOD, SINGLE FAMILY AREA 10, COUNTY OF YORK, VIRGINIA", dated January 31, 1993, made by Sledd, Runey & Associates, P.C., and recorded in the Clerk's Office of the Circuit Court for the County of York, Virginia, in Plat Book 12, pages 83 through 85, to which reference is here made.

Together with all and singular, the buildings and improvements thereon, rights and privileges, hereditaments and tenements thereunto belonging or in anywise appertaining, and any easements or rights of way for the use thereof.

(the "Property").

2.      ROL consents to the appointment of the requested trustees.

**Parties and Certain Defined Terms**

3.      Plaintiff Foundation Capital Resources, Inc. ("FCR" or "plaintiff"), a Georgia

Corporation with its principal place of business in Springfield, Missouri, has an interest in the

Property by way of that Certain Deed of Trust, Assignment of Leases and Rents, and Security

Agreement dated March 30, 2006 from River of Life Christian Church, Inc., the grantor, to

Thomas A. Burcher, Trustee, for the benefit of FCR securing payment by way of a lien, in part,

on the Property in the original principal amount of Two Million Seven Hundred Thousand and

00/100 Dollars ($2,700,000,00), said document being recorded in the Clerk's Office of the

Circuit Court of York County, Virginia, on March 31, 2006 as Instrument No. 060007291 (a

copy of the "Deed of Trust" attached hereto as **Exhibit A**).

4.      Defendant River of Life Christian Church, Inc. ("ROL"), a Virginia non-stock

corporation with its principal location in Newport News, Virginia, was first organized in 1900 as

First Baptist Church Riverview. In October 2002, the church changed its name to River of life

Christian Church. River of Life Christian Church, Inc. was formally incorporated with the

Virginia State Corporation Commission on October 14, 2005.  ROL is the grantor under the

Deed of Trust and the purported title owner of the Property.  In addition, ROL is the grantee

under that certain Deed from Edward P. Henderson and James D. McCall, Successor Trustees of

Riverview Baptist Church of Hampton, VA, to River of Life Christian Church, Inc. dated March

24, 2006, and recorded in the Clerk's Office of the Circuit Court of York County, Virginia on

March 31, 2006  as Instrument No. 060007290 (a copy of the "2006 Deed" attached hereto as

**Exhibit B**).

### Jurisdiction and Venue

5.      Personal jurisdiction over the defendants in this action is appropriate because they

(a) are citizens and residents of the Commonwealth of Virginia; and/or (b) have an interest in

real property located in the York County, Virginia.

6.      Venue is appropriate in this Court pursuant to Virginia Code §8.01- 261 because

(i) defendants reside in York County, Virginia; and/or (ii) because this action concerns real

property which is located in York County, Virginia.

### Chain of Title and Factual Allegations

7.      In conjunction with a loan from FCR to ROL in 2006, it was the intent of all

relevant parties for ROL to be the title owner of the Property as of March 24, 2006, the date of

the 2006 Deed.

8.      ROL is listed as the owner of the Property with York County.  Records for the

York County Assessor's Office evidencing as much are attached hereto as **Exhibit C**.

9.      River of Life Christian Church, an unincorporated church, acquired title to the

Property by way of that certain Deed from David L. Bowman and In-Young Bowman to

Lawrence Jarrett, Lindsey Fullwood, James Brown, and James McCall, Trustees of the River of

Life Christian Church, dated August 18, 2004, and recorded in the Clerk's Office of the Circuit

Court of York County, Virginia on August 20, 2004 as Instrument No. 040017862 (a copy of the "2004 Deed" attached hereto as **Exhibit D**).

10.     Lawrence Jarrett, Lindsey Fullwood, James Brown, and James McCall were not, but should have been, appointed trustees of River of Life Christian Church pursuant to Virginia Code § 57-8 in order to hold title for the benefit of the unincorporated church association.

11.     Virginia Code § 57-7.1 provides, in pertinent part, that "no such conveyance or transfer shall fail or be declared void for insufficient designation of the beneficiaries in any case where the church, church diocese, religious congregation or religious society has lawful trustees in existence, is capable of securing the appointment of lawful trustees upon application as prescribed by Virginia Code § 57-8…."

12.     ROL was formally incorporated with the Virginia State Corporation Commission on October 14, 2005.

13.     In conjunction with its loan from FCR, it was the intent of River of Life Christian Church (an unincorporated entity), by and through its trustees, to transfer the Property to ROL.

14.     The 2006 Deed lists Edward P. Henderson and James D. McCall as the grantors and defines these individuals as "Successor Trustees of Riverview Baptist Church."

15.     No order of this Court exists appointing Edward P. Henderson and/or James D. McCall as trustees or "Successor Trustees" of Riverview Baptist Church.

16.     The reference in the 2006 Deed to Riverview Baptist Church is an error caused by the inadvertence, mutual mistake, and/or error, of the parties thereto.  While the unincorporated church had at one time been referred to as Riverview Baptist Church, the church had become known as River of Life Baptist Church by 2002.

17.     Despite the intentions of the parties otherwise, the trustees under the 2004 Deed and the 2006 Deed were never appointed by this Court pursuant to Virginia Code § 57-8.

18.     All involved parties including, but not limited to, ROL and the various trustees and/or purported trustees described above intended the Property to be owned by ROL as of March 24, 2006 and prior to the execution of the Deed of Trust by River of Life Christian Church, Inc.

19.     ROL has filed Chapter 11 Bankruptcy, in the United States Bankruptcy Court for the Eastern District of Virginia, Case No. 11-51943.

20.     ROL lists the Property as an asset in its bankruptcy schedules.

21.     The bankruptcy court has entered an Order lifting the automatic stay in the bankruptcy matter to allow FCR to bring this action.

22.     It is necessary that the issue of title ownership be resolved in this Court as only the Circuit Court where the Property is located can appoint trustees.

23.     It is anticipated that issues pertaining to the extent and priority of FCR's lien on the Property will be resolved amicably through the Chapter 11 plan.  In the alternative, it is anticipated that, should this Court grant the relief requested herein by FCR, and should FCR and ROL not resolve issues relating to the extent and priority of the FCR lien on the Property through the Chapter 11 plan, FCR will file an adversary proceeding in the bankruptcy court to establish the extent and priority of its lien under the Deed of Trust.  Accordingly, FCR does not request such relief herein but specifically reserves the right to request such relief by subsequent proceedings in the bankruptcy court or in this Court should the automatic stay not prevent such an action.

### Count I- Appointment of Trustees

24.     The allegations set forth in the above paragraphs 1 through 23 of this Complaint are incorporated herein.

25.     The named trustees under the 2004 Deed and the 2006 Deed were not appointed by this Court pursuant to Virginia Code § 57-8.

26.     In order to properly effectuate the transfer of the Property, it is necessary for this Court to appoint trustees pursuant to Virginia Code § 57-8 *nunc pro tunc* to March 24, 2006, appoint Edward P. Henderson and James D. McCall as successor trustees to Lawrence Jarrett, Lindsey Fullwood, James Brown, and James McCall to hold the Property and to transfer the Property to River of Life Christian Church, Inc.

27.     FCR avers that it is not necessary for this Court to appoint trustees for the 2004 Deed as the savings provision of Virginia Code § 57-7.1 applies.

28.     Specifically, Virginia Code § 57-7.1 provides, in pertinent part, that no conveyance *to* a church association "shall fail or be declared void for insufficient designation of the beneficiaries in any case where the church, church diocese, religious congregation or religious society has lawful trustees in existence, is capable of securing the appointment of lawful trustees upon application as prescribed by Virginia Code § 57-8…."

29.     Accordingly, an Order of this Court declaring the transfers memorialized in each of the deeds referenced in this Complaint as valid and binding pursuant to Virginia Code § 57-7.1 is necessary.

30.     In the alternative, and to the extent that this Court does not grant the relief sought in paragraph 29 of this Complaint, FCR requests an order of this Court appointing, *nunc pro tunc* to the respective date of each of the deeds referenced in the Complaint, an order appointing each of the trustees named in said deeds pursuant to Virginia Code § 57-8.

31.     ROL consents to the relief sough herein.

**Count II-Reformation of 2006 Deed**

32.    The allegations set forth in the above paragraphs 1 through 31 of this Complaint

are incorporated herein.

33.    The 2006 Deed references "Riverview Baptist Church" as the unincorporated

entity for which Edward P. Henderson and James D. McCall are acting as trustees.

34.    As a result of the mutual mistake of the parties thereto, "Riverview Baptist

Church" was intended to be "River of Life Christian Church."

35.    Accordingly, this Court should reform the 2006 Deed, *nunc pro tunc* to March 24,

2006, to reflect the proper name of the unincorporated church entity for which the trustees are to

hold the Property.

36.    ROL consents to the relief sough herein.

**RELIEF REQUESTED**

WHEREFORE, plaintiff **Foundation Capital Resources, Inc.** prays that this Court enter

an Order:

a)  Appointing, pursuant to Virginia Code § 57-8, trustees *nunc pro tunc* to March

24, 2006, Edward P. Henderson and James D. McCall as successor trustees to Lawrence Jarrett,

Lindsey Fullwood, James Brown, and James McCall to hold the Property and to transfer the

Property to River of Life Christian Church, Inc.

b)  Confirming each of the deeds referenced in the Complaint as valid and binding

pursuant to Virginia Code § 57-7.1;

c)  Reforming the 2006 Deed to change all references to "Riverview Baptist

Church" to "River of Life Christian Church;" and

d)  Awarding such other and further relief as the nature of its case may require

and to this Court shall seem proper, including an award of attorney's fees and costs.

Respectfully submitted,

FOUNDATION CAPITAL RESOURCES, INC.

_____
Of Counsel

Samuel J. Kaufman (VSB No. 48442)
OWEN & OWENS PLC
15521 Midlothian Turnpike, Suite 300
Midlothian, VA 23113
804-594-1911 (Office)
804-594-0455 (Facsimile)
skaufman@owenowens.com
*-Counsel for Plaintiff, Foundation Capital Resources Inc.-*